66 F.3d 346
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert J. THOMAS, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 95-3486.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1995.
 
 Before ARCHER, Chief Judge, NEWMAN and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Robert J. Thomas appeals from the March 24, 1995 final decision of the Merit Systems Protection Board, Docket No. AT0752930321-I-1, sustaining his removal by the Department of the Air Force ("agency"). Because Thomas has not demonstrated any error in the board's decision, we affirm.
 
 DISCUSSION
 
 2
 Thomas was employed with the agency as a journeyman aircraft mechanic. His duties included working on critical aircraft components, including fuel and flight control systems. He also routinely serviced aircraft just prior to take-off. As a journeyman mechanic, Thomas certified his own work. Thus, once he serviced an aircraft no one checked to determine whether the work was done properly. Thomas's job was a "testing designated position" and he was subject to random testing for use of illegal drugs.
 
 
 3
 In a random test, Thomas tested positive for marijuana use. He then admitted to using marijuana once while off-duty ten to fourteen days before the test. A forensic toxicologist later determined, however, that the amount of marijuana in Thomas's system could not have been produced by smoking marijuana once, ten to fourteen days before the test, but was consistent with recreational use of the drug at a rate of two to three times per week. Because of the positive test, Thomas was removed from his position effective February 12, 1993. He appealed to the board.
 
 
 4
 The Administrative Judge (AJ) mitigated Thomas's removal to a 90-day suspension; however, the AJ's initial decision was reversed by the full board following the agency's petition for review. The board held that the agency's removal action was not unreasonable given Thomas's critical position with the agency. Work performed on an aircraft by an individual under the influence of drugs, the board reasoned, could result in an accident and consequent loss of life and property. Thus, the board determined that the safety risks implicated by Thomas's drug use obviated any relevant mitigating factors such as Thomas's potential for rehabilitation. Thomas now appeals.
 
 
 5
 The scope of our review of a board decision is limited to whether it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 6
 Thomas first argues that he used marijuana only once and that the board erred in accepting the agency's contrary conclusion. We cannot accept Thomas's contention. There is substantial evidence to support the board's finding. In particular, David J. Kuntz, an expert in forensic toxicology, provided an affidavit stating that the amount of marijuana in Thomas's system could not have been produced by smoking marijuana once, ten to fourteen days before the test, but was more consistent with recreational use of the drug at a rate of two to three times per week. Thomas has not shown any error in the board's crediting Kuntz's interpretation of the test data.
 
 
 7
 Thomas further argues that the penalty of removal was excessive. He states that there was no evidence that his drug use affected his job performance, and that the agency and the board failed to consider relevant mitigating factors including his potential for rehabilitation and otherwise exemplary record during twenty-five years of federal service.
 
 
 8
 Again, we must disagree. The board correctly determined that the agency considered all the relevant factors in selecting an appropriate penalty. See Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981). Moreover, "[d]etermination of the appropriate penalty is a matter committed primarily and largely to the discretion of the employing agency." Schapansky v. Department of Transp., 735 F.2d 477, 484 (Fed.Cir.1984). "Only in the exceptional case, in which the penalty exceeds that permitted by statute or regulations or is so harsh that it amounts to an abuse of discretion, may its imposition be overturned." Id. Given the critical duties that Thomas was required to perform in his position, the self-certifying aspect of his job, and the evidence that he regularly used marijuana, we cannot say that the agency abused its discretion in removing him from his position.